**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

JASON DEAN BORDEN                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 1:08CV-P167-M

PAT WATT                                                             DEFENDANTS
JACKIE T. STRODE

**MEMORANDUM OPINION**

Plaintiff, Jason Dean Borden, filed a *pro se*, *in forma pauperis* complaint pursuant to 42

U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth

below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff sues Pat Watt and Jackie T. Strode of the Warren County Regional Jail (WCRJ)

where he was housed at the time he filed this suit.  Plaintiff alleges that Defendant Watt's staff

has withdrawn his inmate account below the $10 limit as set forth in this Court's order allowing

Plaintiff to proceed without prepayment of the filing fee in another case.

As relief, Plaintiff wants to be relocated to a facility in Louisville, Kentucky.  He also

asks for Defendant Watt to return all missing funds to his inmate account with 25% interest

compounded daily.  He further asks for "all cash awards that can come directly from Pat Watt

and/or her office held as deputy of WCRJ" and that Defendant Watt not be allowed to withdraw

any funds below the $10 amount.

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## A. Claims for injunctive relief

Mail sent to Plaintiff at the WCRJ has been returned by the U.S. Postal Service as not able to be delivered.[1] An examination of the Kentucky Offender Online Lookup System, www.corrections.ky.gov/kool, reveals that Plaintiff is no longer housed at WCRJ. Therefore, Plaintiff's request for injunctive relief are moot because he is no longer incarcerated at the WCRJ. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

## B. Claims for monetary relief against Defendant Watt

Plaintiff does not indicate in which capacity he sues Defendant Watt. Because Plaintiff references Defendant Watt in the context of her official position, the claim will be construed as brought against Defendant Watt in her official capacity. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (where § 1983 plaintiff fails to affirmatively plead

---

[1] Plaintiff appears to be receiving mail delivered to a non-prison address, presumably the residence of a friend or relative.

capacity in the complaint, the Court looks to the course of proceedings to determine whether the

Sixth Circuit's concern about notice to the defendant has been satisfied).

If an action is brought against an official of a governmental entity in his official capacity,

the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of*

*State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against

Defendant Watt in her official capacity are actually brought against the Warren County

government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct

issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*,

*Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in

other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original);

*Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d

1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts

of the *municipality* from acts of *employees* of the municipality, and thereby make clear that

municipal liability is limited to action for which the municipality is actually responsible.'" *City*

*of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S.

469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is

a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889

(6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the

city itself and show that the particular injury was incurred because of the execution of that

policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v.*

*City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village*

*of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of

the constitutional violation' in order to establish the liability of a government body under

§ 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)

(citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404

(1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, the complaint does not identify a policy causing the alleged

constitutional violations.  In fact, the complaint alleges that Defendant Watt has "focused her

entire attention" on Plaintiff, suggesting that she has taken an inappropriate interest in Plaintiff,

not one dictated by policy.  Elsewhere in the complaint, Plaintiff refers to Defendant Watt

explaining to Plaintiff the "mistakes" made by her staff regarding Plaintiff's inmate account,

again suggesting that she was not acting according to a policy.  Consequently, the claims for

monetary damages against Defendant Watt will be dismissed by separate Order.

**C. Claims for monetary relief against Defendant Strode**

Except in the caption, Plaintiff's complaint contains no mention of Defendant Strode.

Some factual basis for a claim against a Defendant must be set forth in the pleadings.  *Chapman*

*v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).  The specific facts must explain how the

defendant is personally responsible for the alleged injuries.  *Smith v. Rowe*, 761 F.2d 360, 369

(7th Cir. 1985).   Plaintiff's complaint regarding Defendant Strode fails to do so.  As such, this

claim must be dismissed for a failure to state a claim.  *See Copeland v. Machulis*, 57 F.3d 476,

481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an

essential element in a § 1983 cause of action asserting a constitutional deprivation).

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Warren County Attorney
4413.009